UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTHONY PEREZ,

    Plaintiff,

vs.

ATLANTIC AWNINGS & METAL WORKS, INC.,
SMART SHADE STRUCTURES CORP. F/K/A
ATLANTIC AWNINGS CORP.,
JOEL IBARGOLLIN, AND
JOSE SUAREZ,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Anthony Perez, sues Defendants, Atlantic Awnings & Metal Works, Inc., Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Anthony Perez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Atlantic Awnings & Metal Works, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

1

6. **Defendant, Smart Shade Structures Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

7. Defendant, Smart Shade Structures, Corp., was previously known as Atlantic Awnings Corp., until approximately August 19, 2021, when it changed its name to Smart Shade Structures Corp. and when it changed its ownership structure.

8. **Defendant, Joel Ibargollin,** is an owner/officer/director/manager of Defendant, Atlantic Awnings & Metal Works, Inc., for the time relevant to this lawsuit. Defendant, Joel Ibargollin, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

9. **Defendant, Jose Suarez,** also was and is an owner/officer/director/manager of Smart Shade Structures Corp. for the time relevant to this lawsuit. Defendant, Jose Suarez, also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

10. Defendants, Joel Ibargollin and Jose Suarez, were **both** owners/officers/directors/managers of Defendant, Smart Shade Structures Corp. while it was known as Atlantic Awnings Corp., until approximately August 19, 2021.

11. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all the operational decisions were made in this District.

12. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

2

13. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

14. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

<u>**COUNT I – FLSA OVERTIME WAGE VIOLATION(S)**</u>
<u>**AGAINST DEFENDANTS SMART SHADE STRUCTURES CORP. F/K/A ATLANTIC AWNINGS CORP., JOEL IBARGOLLIN, AND JOSE SUAREZ**</u>

Plaintiff, Anthony Perez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

15. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

17. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, were, an enterprise engaged in interstate commerce in the course of their manufacture, assembly, and installation of awnings at all times material.

18. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, manufactured, assembled, and installed awnings using metals, fabrics, fasteners, adhesives, materials, tools, power tools, and supplies that moved through interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19. Furthermore, Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

20. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, had corporate annual gross revenues derived from this interstate commerce that are believed to exceed $500,000.00 for the relevant time period and/or to exceed $125,000.00 for each fiscal quarter in which Plaintiff worked.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez,.

22. Plaintiff worked for Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, from June 21, 2017, until approximately August 19, 2021.

23. Defendant, Joel Ibargollin, and his new company, Atlantic Awnings & Metal Works, Inc., had Plaintiff then worked for them from its inception until approximately May 3, 2022.

24. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez.

25. Plaintiff's work for Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, was in, or so closely related to, the movement of commerce while he worked for them that the Fair Labor Standards Act applies to Plaintiff's work for them in

4

the course of his installing awnings at locations in South Florida.

26. As part of his work, Plaintiff regularly and routinely was required to purchase gasoline that arrived from outside of the State of Florida for the work vehicle(s) he drove for Defendants, exchanged electronic messages with them that left the State of Florida, purchased fasteners, materials, and supplies that traveled in interstate commerce, and he participated in interstate commerce.

27. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, paid plaintiff a salary for his work.

28. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, did not maintain records of the hours that Plaintiff started and stopped working each day.

29. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez.

30. Plaintiff routinely arrived at work at 7:00 a.m. and then finished working between 5:00 p.m. and 5:30 p.m. from Monday through Friday.

31. Plaintiff occasionally worked on a weekend in addition to his normal working hours.

32. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek from the beginning of his employment through approximately August 19, 2021.

33. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, willfully and intentionally refused to pay Plaintiff wages at a rate of time

5

and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

34. Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

35. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Anthony Perez, demands the entry of a judgment in his favor and against Defendants, Smart Shade Structures Corp. f/k/a Atlantic Awnings Corp., Joel Ibargollin, and Jose Suarez, jointly and severally after trial by jury and as follows:

- a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
- b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
- c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;
- d. That Plaintiff recover all interest allowed by law;
- e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME WAGE VIOLATION(S) AGAINST DEFENDANTS ATLANTIC AWNINGS & METAL WORKS, INC. AND JOEL IBARGOLLIN

Plaintiff, Anthony Perez, reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein and further alleges as follows:

36. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

37. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making their business an enterprise covered under the Fair Labor Standards Act.

38. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, have been, at all times material, an enterprise engaged in interstate commerce in the course of their manufacture, assembly, and installation of awnings.

39. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, manufactured, assembled, and installed awnings using metals, fabrics, fasteners, adhesives, materials, tools, power tools, and supplies that moved through interstate commerce.

40. Furthermore, Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and

7

transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

41. Defendant, Atlantic Awnings & Metal Works, Inc., had annual gross revenues derived from this interstate commerce which are believed to exceed $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

42. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin.

43. Plaintiff then worked for Defendant, Joel Ibargollin, and his new company, Atlantic Awnings & Metal Works, Inc., from its inception until May 2/3, 2022.

44. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin.

45. Plaintiff's work for Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, was actually in, or so closely related to, the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for them in the course of his work installing awnings at locations in South Florida.

46. As part of his work, Plaintiff regularly and routinely was required to purchase gasoline that arrived from outside of the State of Florida for the work vehicle(s) he drove for Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, exchanged electronic messages with them that left the State of Florida, and participated in interstate commerce.

47. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, paid plaintiff a salary for his work.

8

48. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

49. Defendants did not maintain records of the hours that Plaintiff started and stopped working each day.

50. Plaintiff routinely arrived at work at 7:00 a.m. and then finished working between 5:00 p.m. and 5:30 p.m. from Monday through Friday. Occasionally, he also worked on a weekend.

51. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek from approximately August 19, 2021, to approximately May 3, 2022.

52. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

53. Defendants, Atlantic Awnings & Metal Works, Inc. and Joel Ibargollin, either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that they were not required to pay an overtime rate, and/or they concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

54. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Anthony Perez, demands the entry of a judgment in his favor and against Defendants, Atlantic Awnings & Metal Works, Inc., and Joel Ibargollin, jointly and severally after trial by jury and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

h. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

i. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

j. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

k. That Plaintiff recover all interest allowed by law;

l. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

m. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

n. Such other and further relief as the Court deems just and proper.

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## DEMAND FOR JURY TRIAL

Plaintiff, Anthony Perez, demands a trial by jury of all issues so triable.

Respectfully submitted this 22nd day of June 2022,

                                                    s/Brian H. Pollock, Esq.
                                                    Brian H. Pollock, Esq.
                                                    Fla. Bar No. 174742
                                                    brian@fairlawattorney.com
                                                    FAIRLAW FIRM
                                                    135 San Lorenzo Avenue
                                                    Suite 770
                                                    Coral Gables, FL 33146
                                                    Tel:    305.230.4884
                                                    *Counsel for Plaintiff*

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*