UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:22-cv-21917-JLK

ANTHONY PEREZ,

    Plaintiff

vs.

ATLANTIC AWNINGS & METAL WORKS, INC.,
SMART SHADE STRUCTURES CORP. F/K/A
ATLANTIC AWNINGS CORP.,
JOEL IBARGOLLIN, AND
JOSE SUAREZ
    Defendant.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Atlantic Awnings & Metal Works, Inc. ("Atlantic Awnings"), Smart Shade Structures Corp. F/K/A Atlantic Awnings Corp. ("Smart Shade"), Joel Ibargollin ("Ibargollin") and Jose Suarez ("Suarez") (hereinafter, collectively referred to as "Defendants"), by and through their undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby answer the Complaint filed by Plaintiff, Anthony Perez ("Plaintiff"), and state as follows:

1. Defendants are without knowledge as to what constitutes "all times material" for purposes of the Complaint. Defendants admit that Plaintiff is over the age of eighteen but deny all remaining allegations in Paragraph 1.

2. It is admitted that Plaintiff was employed by Atlantic Awnings Corp. (hereinafter, "AAC") from January 31, 2018 until August 29, 2021. It is further admitted that Plaintiff was subsequently employed by Defendant, Atlantic Awnings & Metal Works, Inc. from August 30, 2021 until May 2022. All remaining allegations in Paragraph 2 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 2 are denied and strict proof thereof is demanded.

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

3. Denied.

4. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendants admit that, by virtue of being a named plaintiff in the subject Complaint, Plaintiff presumably consented to participating in this action under the Fair Labor Standards Act ("FLSA").

5. Atlantic Awnings is without knowledge as to what constitutes "all times material" for purposes of the Complaint. It is admitted that Atlantic Awnings is a Florida corporation which operates, conducts business and maintains a principal place of business in Miami-Dade County, Florida.

6. Smart Shade is without knowledge as to what constitutes "all times material" for purposes of the Complaint. It is admitted that Smart Shade is a Florida corporation which operates, conducts business and maintains a principal place of business in Miami-Dade County, Florida.

7. It is admitted that Smart Shade was formerly known as "Atlantic Awnings Corp." and that, effective August 30, 2021, it amended its name to "Smart Shade Structures Corp." consequent upon a change in the company's ownership structure. All remaining allegations in Paragraph 7 are denied.

8. Ibargollin is without knowledge as to what constitutes "the time relevant to this lawsuit" for purposes of the Complaint. It admitted that Ibargollin is the President and Owner of Atlantic Awnings and that, in such capacity, he is responsible for the company's day-to-day operations. All remaining allegations in Paragraph 8 are denied.

9. Suarez is without knowledge as to what constitutes "the time relevant to this lawsuit" for purposes of the Complaint. It admitted that Suarez is the President and Owner of Smart Shade and that, in such capacity, he is responsible for the company's day-to-day operations. All

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 3 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

remaining allegations in Paragraph 9 are denied.

10. It is admitted that prior to August 30, 2021, Ibargollin and Suarez co-owned AAC and served as the company's Vice President and President, respectively. All remaining allegations in Paragraph 10 are denied.

11. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendants admit that venue is proper in this Court. All remaining allegations in Paragraph 11 are denied.

12. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendants admit that this Court has jurisdiction over this matter. All remaining allegations in Paragraph 12 are denied.

13. Denied.

14. It is admitted that Plaintiff has retained counsel in this case. All remaining allegations in Paragraph 14 are denied.

## COUNT I

Smart Shade, Ibargollin and Suarez each reassert their responses to Paragraphs 1 through 14 above.

15. The allegations in Paragraph 15 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 15 are denied and strict proof thereof is demanded.

16. Smart Shade, Ibargollin and Suarez are without knowledge as to what constitutes "the relevant time period" for purposes of the Complaint. It is admitted that Smart Shade employs two or more individuals. All remaining allegations in Paragraph 16 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 4 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

answer is required, the allegations of Paragraph 16 are denied and strict proof thereof is demanded.

17. Smart Shade, Ibargollin and Suarez are without knowledge as to what constitutes "all times material" for purposes of the Complaint. It is admitted that Smart Shade specializes in the design and development of custom shade structures. All remaining allegations in Paragraph 17 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 17 are denied and strict proof thereof is demanded.

18. It is admitted that Smart Shade specializes in the design and development of custom shade structures and, in the performance of such services, the company's employees used certain tools and materials. All remaining allegations in Paragraph 18 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 18 are denied and strict proof thereof is demanded.

19. It is admitted that Smart Shade uses telephonic and electronic transmissions to conduct its business. All remaining allegations in Paragraph 19 are denied.

20. Smart Shade, Ibargollin and Suarez are without knowledge as to what constitutes "the relevant time period" for purposes of the Complaint. Accordingly, all allegations in Paragraph 20 are denied.

21. Denied.

22. It is admitted that Plaintiff was formerly employed by AAC from January 31, 2018 until August 29, 2021. All remaining allegations in Paragraph 22 are denied.

23. It is admitted that Plaintiff was formerly employed by Atlantic Awnings from August 30, 2021 until May 2022. All remaining allegations in Paragraph 23 are denied.

24. Denied.

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 5 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

25. It is admitted that during his former employment with AAC, Plaintiff assisted with the installations of awnings on behalf of AAC's customers. All remaining allegations in Paragraph 25 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 25 are denied and strict proof thereof is demanded.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendants admit that Plaintiff seeks the recovery of overtime wages, liquidated damages, attorneys' fees and costs under FLSA. However, Defendant denies Plaintiff's entitlement to same in this case. All remaining allegations in Paragraph 35 are denied.

Defendants deny that Plaintiff is entitled to any such relief stated in the WHEREFORE clause situated immediately after Paragraph 35 of the Complaint.

## **COUNT II**

Atlantic Awnings and Ibargollin reassert their responses to Paragraphs 1 through 35 above.

36. The allegations in Paragraph 36 are denied insofar as such allegations are comprised

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 36 are denied and strict proof thereof is demanded

37. Atlantic Awnings and Ibargollin are without knowledge as to what constitutes "the relevant time period" for purposes of the Complaint. It is admitted that Atlantic Awnings employs two or more individuals. All remaining allegations in Paragraph 37 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 37 are denied and strict proof thereof is demanded.

38. Atlantic Awnings and Ibargollin are without knowledge as to what constitutes "all times material" for purposes of the Complaint. It is admitted that Atlantic Awnings is in the business of designing, fabricating and installing awnings. All remaining allegations in Paragraph 38 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 38 are denied and strict proof thereof is demanded.

39. It is admitted that Atlantic Awnings is in the business of designing, fabricating and installing awnings and, in the performance of such services, the company's employees used certain tools and materials. All remaining allegations in Paragraph 39 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 39 are denied and strict proof thereof is demanded.

40. It is admitted that Atlantic Awnings uses telephonic and electronic transmissions to conduct its business. All remaining allegations in Paragraph 40 are denied.

41. Atlantic Awnings and Ibargollin are without knowledge as to what constitutes "the relevant time period" for purposes of the Complaint. Accordingly, all allegations in Paragraph 41 are denied.

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 7 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

42. Denied.

43. It is admitted that Plaintiff was formerly employed by Atlantic Awnings from August 30, 2021 to May 2022. All remaining allegations in Paragraph 43 are denied.

44. Denied.

45. It is admitted that during his former employment with Atlantic Awnings, Plaintiff assisted with the installation of awnings on behalf of Atlantic Awning's customers. All remaining allegations in Paragraph 45 are denied insofar as such allegations are comprised of legal conclusions to which no answer is required. To the extent an answer is required, the allegations of Paragraph 45 are denied and strict proof thereof is demanded.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendants admit that Plaintiff seeks the recovery of overtime wages, liquidated damages, attorneys' fees and costs under FLSA. However, Defendant denies Plaintiff's entitlement to same in this case. All remaining allegations in Paragraph 54 are denied.

Defendants deny that Plaintiff is entitled to any such relief stated in the WHEREFORE clause situated immediately after Paragraph 54 of the Complaint.

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 8 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

Further responding to Paragraphs 1 through 54 of the Complaint, all allegations not specifically admitted are denied. Plaintiff's demand for trial by jury is not an allegation of fact to which a response is required. Notwithstanding, Defendants admit that Plaintiff purports to demand a jury trial, but denies the existence of any triable issues herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that the Complaint should be dismissed, in whole or in part, for failure to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that assuming, *arguendo*, Plaintiff prevails on his claim for unpaid overtime, he would not be entitled to liquidated damages because all acts and/or omissions of Defendants, if any, were done in good faith and Defendants had reasonable grounds for believing that any acts or omissions were done in good faith and not in violation of the FLSA or any other applicable law.

### THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants plead all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

### FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that Plaintiff has already received all payments to which he is entitled.

### FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that they have complied with all of

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 9 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

their obligations under the FLSA and all applicable laws and regulations.

## SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that Plaintiff's claim for unpaid wages should be dismissed, in whole or in part, because any alleged statutory violations on their part, which are denied, were not intentional or willful.

## SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that Plaintiff's claim for unpaid overtime is barred by the provisions of Section 4 of the Portal to Portal Act, 29 U.S.C. § 254, as to all hours which Plaintiff was engaged in activities which were non-compensable such as traveling to Plaintiff's actual place of performance.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that the time for which Plaintiff seeks compensation under the FLSA is *de minimis*, thus Plaintiff's claim for unpaid overtime is barred under the *de minimis* doctrine.

## NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that they are not liable under the FLSA for any alleged hours worked about which they were unaware prior to the filing of this action.

## TENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendants assert that as a bona fide executive employee, Plaintiff was paid the minimum salary required by applicable law, performed essential duties and functions consistent with the executive exemptions under the FLSA, and was thus exempt from the overtime wage provisions of the FLSA.

Case 1:22-cv-21917-JLK   Document 11   Entered on FLSD Docket 08/22/2022   Page 10 of 11

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Ibargollin and Suarez assert that they were never Plaintiff's "employer" as contemplated by the FLSA.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend and/or supplement their Answer and Affirmative Defenses and/or to assert additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

WHEREFORE, Defendants, Atlantic Awnings & Metal Works, Inc., Smart Shade Structures Corp. F/K/A Atlantic Awnings Corp., Joel Ibargollin and Jose Suarez, respectfully request that this Court dismiss Plaintiff's Complaint, enter judgment in their favor, and grant such other and further relief, including an award of reasonable attorneys' fees and costs, as this Court deems just and proper.

Date: August 22, 2022

      Respectfully submitted,

      **GREENSPOON MARDER LLP**
      *Attorneys for Defendants*
      200 East Broward Boulevard
      Suite 1800
      Fort Lauderdale, FL  33301
      Phone: (954) 491-1120
      Fax:    (954) 267-8027
      Peter.Siegel@gmlaw.com
      Alex.Leiva@gmlaw.com

      BY:      s/Alejandro I. Leiva
          **PETER R. SIEGEL**
          Florida Bar #988634
          **ALEJANDRO I. LEIVA**
          Florida Bar #118309

*Perez v. Atlantic Awnings & Metal Works, Inc., et al.*
CASE NO.: 1:22-cv-21917-JLK
Defendants' Answer and Affirmative Defenses

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 22, 2022, a true and correct copy of the foregoing was filed with this Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or by U.S. Mail to those who are not authorized to receive electronically Notices of Electronic Filing.

BY: s/Alejandro I. Leiva
**ALEJANDRO I. LEIVA**

## SERVICE LIST

*Attorneys for Plaintiff*

Brian H. Pollock, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770 Coral Gables, FL 33146
Tel:  305.230.4884
E-Mail: brian@fairlawattorney.com