UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21917-KING/DAMIAN

ANTHONY PEREZ,

    Plaintiff,

vs.

ATLANTIC AWNINGS & METAL WORKS, INC., SMART SHADE STRUCTURES CORP., JOEL IBARGOLLIN, AND JOSE SUAREZ,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Anthony Perez, and Defendants, Atlantic Awnings & Metal Works, Inc., Smart Shade Structures Corp., Joel Ibargollin, and Jose Suarez ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A". The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Plaintiff, Mr. Perez, alleged that he worked over 40 hours during most workweeks, and was not compensated for that time. Mr. Perez alleged that Defendants were aware they should have paid him overtime, and so they had no good faith basis not to do so. Defendants have consistently

disputed liability in this action, specifically arguing that, among other things, Mr. Perez was an overtime-exempt employee, he had already received all monies due to him (including overtime while working as a non-exempt employee), and he misstated the amount of hours he actually worked in a given workweek and the applicable workweeks during the relevant time period.

The parties engaged in extensive conferral on the above issues, and produced documentation in furtherance of their positions. The parties ultimately agreed that prolonged litigation would be uncertain and costly, and resolved to settle the case for the amounts in the Settlement Agreement, which are fair and reasonable to Mr. Perez given the evidence that would be presented for a fact finder. The Settlement Agreement is attached as Exhibit A.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;

    (5)  the range of possible recovery; and
    (6)  the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1) *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records, which they independently analyzed. Based on this analysis, the parties decided to resolve this matter.

### (4) *The Probability of Success on the Merits Supports Settlement.*

The parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, the lack of certainty regarding Plaintiff's probability of success on the merits and the uncertainty that he would be awarded any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

### (5) *The Range of Possible Recovery Supports Approval.*

The parties' settlement takes into account the nature of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

### (6)  *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 18th day of May 2023.

| | |
|---|---|
| s/ Toussaint Cummings | s/ Alejandro I. Leiva |
| Toussaint Cummings, Esq. | Alejandro I. Leiva, Esq. |
| Florida Bar No. 119877 | Florida Bar No. 118309 |
| toussaint@fairlawattorney.com | alex.leiva@gmlaw.com |
| FAIRLAW FIRM | GREENSPOON MARDER LLP |
| 135 San Lorenzo Ave, Suite 770 | 200 East Broward Boulevard, Suite 1800 |
| Coral Gables, FL 33146 | Tel. 954.491.1120 |
| Tel. 305.230.4844 | *Attorney for Defendants* |
| *Attorney for Plaintiff* | |