## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made by and between Anthony Perez, ("Plaintiff"), Smart Shade Structures Corp. ("Smart Shade"), Atlantic Awnings & Metal Works Inc. ("Atlantic Awnings"), Jose Suarez ("Suarez"), and Joel Ibargollin ("Ibargollin"). For purposes of this Agreement, (a) Smart Shade, Atlantic Awnings, Suarez and Ibargollin shall be collectively referred to herein as "Defendants," and (b) Plaintiff and Defendants shall be collectively referred to herein as the "Parties" and, individually, as a "Party." This Agreement shall be effective on the date that its execution is completed by all Parties ("Effective Date").

## RECITALS

WHEREAS, Plaintiff was formerly employed by Smart Shade's predecessor entity and Atlantic Awnings during separate and distinct time periods;

WHEREAS, on June 22, 2022, Plaintiff filed a Complaint against Defendants in the United States District Court for the Southern District of Florida (Case No. 22-cv-21917, the "Complaint"), making certain allegations against Defendants related to his former employment with Smart Shade's predecessor and Atlantic Awnings, respectively;

WHEREAS, Defendants deny all such allegations set forth in the Complaint and further deny any and all claims asserted by Plaintiff (whether in the Complaint or otherwise); and

WHEREAS, the Parties, solely to avoid the expense and disruption which will inevitably result from protracted litigation, desire to settle any and all claims, demands or rights, known or unknown. which have been or might have been asserted by Plaintiff against Defendants and/or any of the Released Parties (as defined below), whether in the Complaint or otherwise.

NOW, in consideration of the promises and agreements set out herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS

1. **Consideration Paid To Plaintiff:** In full consideration of (a) Plaintiff's execution of this Agreement, (b) Plaintiff's agreement to be legally bound by its terms, and (c) the dismissal of the above-referenced Complaint with prejudice, Defendants will pay, or cause to be paid, to Plaintiff and his counsel the total, aggregate sum of TWENTY THOUSAND FIVE HUNDRED DOLLARS ($20,500.00), by way of six (6) checks which shall be apportioned as follows:

    i.  Check payable to Plaintiff, by or on behalf of Smart Shade, in the amount of $2,500.00, less applicable withholding taxes based upon an updated IRS Form W-4 which Plaintiff shall provide to Defendants' counsel, representing full satisfaction of Plaintiff's claims for alleged unpaid overtime wages which Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties, and for which an IRS Form W-2 will be issued to Plaintiff;

    ii. Check payable to Plaintiff, by or on behalf of Atlantic Awnings, in the amount of $2,500.00, less applicable withholding taxes based upon an updated IRS Form W-4 which Plaintiff shall provide to Defendants' counsel, representing full satisfaction of Plaintiff's claims for alleged unpaid overtime wages which

     Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties, and for which an IRS Form W-2 will be issued to Plaintiff;

iii. Check payable to Plaintiff, by or on behalf of Smart Shade, in the amount of $2,500.00, with no withholdings, for which Plaintiff shall execute an IRS Form W-9 and submit same to Defendants' counsel, representing full satisfaction of Plaintiff's claims for alleged liquidated, compensatory and other damages (and which in no way represents the payment of wages, back or front pay) which Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties, and for which an IRS Form 1099 will be issued to Plaintiff;

iv. Check payable to Plaintiff, by or on behalf of Atlantic Awnings, in the amount of $2,500.00, with no withholdings, for which Plaintiff shall execute an IRS Form W-9 and submit same to Defendants' counsel, representing full satisfaction of Plaintiff's claims for alleged liquidated, compensatory and other damages (and which in no way represents the payment of wages, back or front pay) which Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties, and for which an IRS Form 1099 will be issued to Plaintiff;

v. Check payable to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm, by or on behalf of Smart Shade, in the amount of $5,250.00, representing Plaintiff's entire attorneys' fees and costs incurred in this matter, and for which an IRS Form 1099 will be issued to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm; and

vi. Check payable to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm, by or on behalf of Atlantic Awnings, in the amount of $5,250.00, representing Plaintiff's entire attorneys' fees and costs incurred in this matter, and for which an IRS Form 1099 will be issued to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm.

The Parties understand, acknowledge and agree that the foregoing settlement payments (1) represent full satisfaction of Plaintiff's claims for any and all damages (including, without limitation, Plaintiff's claims for unpaid overtime wages, liquidated damages, and all attorneys' fees and costs incurred in this matter) which Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties, and (2) shall be delivered to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm (135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146) within fifteen (15) calendar days from the Court's entry of a final order of dismissal with prejudice.

    A. Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval of Settlement and proposed order dismissing this case with prejudice no later than three (3) days after the full execution of this Agreement. In this regard, it is agreed and understood that the court's dismissal of the Complaint with prejudice is a condition precedent to Plaintiff's receipt of the foregoing settlement funds.

    B. Plaintiff agrees to be responsible for his respective share of any and all applicable federal and/or state income and other taxes as may be owed by him resulting from the payment made under this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendants and the Released Parties from any and all claims for taxes and penalties which may be brought as a result of the

payment made under this Agreement including, without limitation, indemnification for any attorneys' fees incurred by Defendants and/or any of the Released Parties solely resulting from any such claim. Plaintiff acknowledges that (i) Defendants have not made any representation with respect to the taxability of the payment made under this Agreement, and (ii) Plaintiff has received or will obtain advice to the extent he deems it necessary from qualified advisors in respect thereto.

        C. Plaintiff acknowledges that all costs and/or attorneys' fees liens arising out of or related to the claims asserted in, or that could have been asserted, in the Complaint or any other earlier filed or unfiled related actions (if any) will be paid in full by Plaintiff out of the proceeds of this Agreement, including any attorneys' fees or costs owed (over and above those set forth herein) to Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm or any other law firm or attorney that may have previously represented or currently represents Plaintiff in connection with his claims against Defendants and/or any of the Released Parties. Plaintiff further acknowledges that no liens of any type have been filed, made, or asserted against him regarding the pending claims.

        2. **Release:** In return for the various promises and the payment made by, or on behalf of, Defendants, Plaintiff hereby forever releases, remises, discharges and acquits Defendants and their past, present and future parent companies, subsidiaries, divisions, affiliates and related entities, agencies and organizations, and each of the foregoing's respective past, present and future officers, directors, associations, owners, shareholders, general partners, limited partners, partners, members, managers, representatives, insurers, insurer's agents, trusts, trustees, administrators, plan administrators, fiduciaries, advisors, heirs, beneficiaries, executors, attorneys, employees, consultants, contractors, predecessors (including, without limitation, Atlantic Awnings Corp.), successors and assigns thereof (collectively, the "Released Parties"), from any and all actions, claims or demands whatsoever, in law or in equity, which Plaintiff, or his heirs, executors, administrators, agents, legal representatives, assigns, beneficiaries and successors in interest ever had or now have, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on any act or omission, event, occurrence or non-occurrence, from the beginning of time to the Effective Date of this Agreement including, but not limited to:

        A. any and all claims arising from any verbal or written contract or agreement between Plaintiff and Defendants and/or any of the Released Parties for contractual payments, raises or other obligations, and any and all claims regarding salary, wages (including minimum and overtime wages), tips, commissions, compensation, fees, reimbursements, security deposits, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits (including, but not limited to, any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, bonuses, paid time off, vacation leave, sick leave, merit and longevity increases, severance payments, and all other benefits of all kind), earnings, back pay, front pay, liquidated and other damages, statutory damages, actual damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs.

        B. any and all claims growing out of, resulting from or connected in any way to Plaintiff's former employment or relationship with Smart Shade, Atlantic Awnings and/or any of the Released Parties and the termination of such employment and/or relationship, including any and all claims for breach of verbal or written contract, detrimental reliance, fraud, discrimination of any kind, impairment of contract, impairment of right to contract, harassment of any kind, retaliation of any kind, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault, battery, defamation, misrepresentation, intentional infliction of emotional distress, negligent

infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention and negligent supervision, *prima facie* tort, slander, claims or rights under any state and federal legislation including, but not limited to, the Fair Labor Standards Act, the Age Discrimination in Employment Act of 1967, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act of 2009, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Americans with Disabilities Act Amendments Act of 2008, the Genetic Information Nondiscrimination Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Health Maintenance Organization Act of 1973, the Occupational Safety and Health Act, the Older Workers Benefit Protection Act, the Fair Credit Reporting Act, the Worker's Adjustment and Retraining Notification Act, the Pregnancy Discrimination Act, the Labor Management Relations Act, the National Labor Relations Act, the Uniformed Services Employment and Reemployment Rights Act of 1994, the Families First Coronavirus Response Act, the Coronavirus Aid, Relief, and Economic Security Act, the American Rescue Plan Act of 2021, 26 U.S.C. § 7434, Article X, Section 24 of the Florida Constitution, the Florida Human Rights Act of 1977, the Florida Civil Rights Act of 1992, Section 760.50 of the Florida Statutes, the Florida Whistleblower Act (Fla. Stat. § 448.101 *et seq.*), the Florida Minimum Wage Act, any claims under Section 448.08 of the Florida Statutes, Section 440.205 of the Florida Statutes, Section 760.50 of the Florida Statutes, Sections 448.075 and 448.076 of the Florida Statutes, Section 751.313 of the Florida Statutes, Section 790.251 of the Florida Statutes, the Miami-Dade County Code, the Broward County Human Rights Act, the Palm Beach County Equal Opportunity Ordinance No. 95-31, and the wage and discrimination laws of the United States, the State of Florida, or any other State of the United States or any other country and their subdivisions, including any state or local law, ordinance, regulation or rule, all of the foregoing as heretofore or hereafter amended, or any court decree, heretofore or hereafter promulgated. Plaintiff also waives any and all rights under the laws of any jurisdiction in the United States that would limit the foregoing release and waiver. Plaintiff recognizes that, among other things, he is releasing Defendants and the Released Parties of and from any and all claims he might have against them for unpaid wages of any kind, breach of contract of any kind, pain and suffering, emotional distress, retaliation of any kind, and for discrimination and harassment based on race, color, hairstyle, religion, sex (including sexual harassment), national origin, age, marital status, disability, HIV-positive status, sickle cell trait status, sexual orientation, gender identity or expression, pregnancy, veteran status, genetic information, or any other characteristic protected by federal, state or local law. The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this release from Plaintiff to Defendants and the Released Parties.

    C. Plaintiff acknowledges and agrees that this release of all claims he had or now has under the Fair Labor Standards Act and Florida law includes any and all claims against Defendants and/or the Released Parties for unpaid wages, liquidated damages, attorneys' fees and costs, and all other damages of any kind, whether economic or non-economic, and further acknowledges that he is forever barred from pursuing any claim for unpaid wages, liquidated damages, attorneys' fees and costs, and all other damages of any kind, whether economic or non-economic, against the Released Parties. In that regard, Plaintiff acknowledges that (1) he has been fully compensated for any and all hours that he actually worked for Smart Shade and Atlantic Awnings at the proper rates of pay, (2) he has received all other available damages (including liquidated damages), and his attorneys' fees and costs, and (3) no further compensation, wages (including minimum and overtime wages), bonuses, commissions, reimbursements, allowances, damages, monies and/or other benefits are or shall ever be due to him. Plaintiff therefore acknowledges that he is forever barred from pursuing any claim against Defendants and the Released Parties which has been released pursuant to this Section 2.

D. Plaintiff further specifically waives any rights of action and administrative and judicial relief which he might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations, federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment Opportunity Commission, the National Labor Relations Board, the Florida Commission on Human Relations or any other federal, state or local administrative agency. Except as set forth in this Agreement or otherwise permitted by applicable law, Plaintiff (i) promises never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims that are released by this Agreement, and (ii) further agrees not to voluntarily participate in any claim brought by any other party against Defendants and/or any of the Released Parties.

E. PLAINTIFF ACKNOWLEDGES THAT THIS AGREEMENT IS AN IMPORTANT LEGAL DOCUMENT. PLAINTIFF ACKNOWLEDGES, THEREFORE, THAT HE HAS READ THIS AGREEMENT IN ITS ENTIRETY, THAT HE HAS BEEN ADVISED TO AND HAS HAD AMPLE OPPORTUNITY IF SO DESIRED TO DISCUSS THIS AGREEMENT WITH HIS OWN ATTORNEY FOR ASSISTANCE AND ADVICE CONCERNING THIS AGREEMENT, THAT THE TERMS OF THIS AGREEMENT HAVE BEEN NEGOTIATED, THAT PLAINTIFF UNDERSTANDS THE TERMS OF THIS AGREEMENT, AND THAT PLAINTIFF UNDERSTANDS THAT THE TERMS OF THIS AGREEMENT ARE ENFORCEABLE. PLAINTIFF COVENANTS, WARRANTS, AND REPRESENTS THAT HE HAS ENTERED INTO THIS AGREEMENT FREELY AND VOLUNTARILY.

F. Nothing herein in this Agreement is intended to or shall interfere with Plaintiff's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Plaintiff from cooperating with any such agency in its investigation. Notwithstanding the foregoing, Plaintiff agrees to waive his right to recover monetary damages in any charge, complaint, or lawsuit filed by Plaintiff or by anyone else on behalf of Plaintiff. Furthermore, nothing in this Agreement or in any other agreement between the Parties shall be construed as releasing, waiving or in any way limiting Plaintiff's (i) claims or rights which cannot be waived by law, (ii) right to initiate communications directly with, respond to an inquiry from, or provide testimony before any self-regulatory organization, or any other local, state or federal or state regulatory or law enforcement authority, or (iii) right to seek, receive, or retain any incentive or monetary award he may be entitled to receive relating to any federal whistleblower action under the Dodd-Frank Wall Street Reform and Consumer Protection Act.

G. For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the foregoing release is intended to include in its effect, without limitation, claims that he did not know or suspect to exist in his favor at the time of the Effective Date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

3. **Non-Admission Clause:** Plaintiff agrees and acknowledges that this Agreement is not, and shall not be construed to be, an admission by Defendants and/or any of the Released Parties of any liability or any act of wrongdoing whatsoever including, without limitation, any violation of (a) any federal, state, or local law, statute, regulation or ordinance, or (b) any duty owed by Defendants and/or any of the Released Parties to anyone.

4. **Confidentiality:**

    A. Except as otherwise expressly permitted by this Agreement, neither Plaintiff, nor his spouse, children, family members or any other individual speaking, communicating or acting on Plaintiff's behalf (whether intentionally or otherwise), shall directly or indirectly disclose, publish, publicize or disseminate, or cause to be disclosed, published, publicized or disseminated in any way, the existence, terms or contents of this Agreement, unless (i) Defendants consent in writing, (ii) the disclosure is otherwise required by law, regulation, subpoena or court order, (iii) the disclosure is necessary for accounting/tax purposes, or (iv) the disclosure is made by Plaintiff to his spouse or professional advisors (and as to such persons, Plaintiff shall guarantee and ensure that each of them holds in confidence the terms and conditions of this Agreement and does not disclose same). If Plaintiff receives a subpoena or court order requiring disclosure of some or all of the terms and conditions of this Agreement, he shall immediately provide copies of same to Defendants and their counsel. Plaintiff acknowledges and agrees that this covenant of confidentiality prohibits him from disclosing, publishing, publicizing or disseminating in any way the existence, terms or contents of this Agreement to any current or former employee or contractor of Smart Shade, Atlantic Awnings, or any of the Released Parties. Plaintiff acknowledges that with the exception of the persons or situations hereinabove described, he has not previously disclosed any of the terms of this Agreement.

    B. The evidence prepared and gathered by Plaintiff (whether paper or electronic, and including photographs, correspondence, messages, voicemails, etc.) with regard to the claims asserted in the Complaint shall not be filed with any court or agency, or shared with or delivered to any other person or entity other than Defendant, its attorneys, successors and assigns, and shall remain confidential unless required by applicable law, court order or subpoena compelling disclosure, or in a further proceeding to enforce this Agreement.

    C. Upon inquiry by any third party as to the status of the above-referenced matter, other than those persons specifically identified above, Plaintiff's response shall be strictly limited to a representation that the matter has been resolved, which statement shall not be a violation of this confidentiality clause.

    D. Plaintiff warrants and represents that as of the date he signs this Agreement, he has returned to Defendants all property of Defendants in his possession, custody or control, retaining no copies or excerpts, including, but not limited to, equipment, files (paper and electronic) and other documents, working papers, reports, computers and other hardware or software, access cards, and all other property of Defendants of any nature.

    E. Plaintiff acknowledges that his failure to comply with this provision would constitute a material breach of the Agreement and would cause irreparable injury, which would not be adequately compensated by monetary relief. Plaintiff, therefore, agrees that his breach of this Section 4 shall entitle Defendants to seek immediate injunctive relief in a court of competent jurisdiction. Accordingly, Plaintiff hereby stipulates that any breach of this Section 4 shall entitle Defendants to seek entry of a judgment for a permanent injunction, granting the non-disclosure protection contracted herein and any other relief as deemed appropriate. Plaintiff further agrees that this confidentiality provision is a material inducement for the execution of this Agreement. Any disclosure or dissemination other than as described above will be deemed a breach of this Agreement and a cause of action shall immediately accrue for damages, including reasonable attorneys' fees incurred in recovering such monies and in enforcing this Agreement, with Defendants maintaining all rights, remedies and/or causes of action otherwise available at law or in equity, including the right to reclaim in full all settlement proceeds paid under this Agreement. Plaintiff acknowledges that with the exception of the persons or situations

hereinabove described, he has not previously disclosed any of the terms of this Agreement.

    F.  Notwithstanding anything to the contrary, this Agreement may be attached as an Exhibit to the Joint Motion for Approval of Settlement and may, if the court deems necessary, be filed with the court for approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

    5.  **No Defamatory or Disparaging Remarks**: Plaintiff agrees that he shall not in any way, directly or indirectly, make any remarks to any person whatsoever about Defendants or any of the Released Parties which are maliciously untrue, such that they are made with knowledge of their falsity or with reckless disregard for their truth or falsity. Similarly, Suarez and Ibargollin agree that they shall not in any way, directly or indirectly, make any remarks to any person whatsoever about Plaintiff which are maliciously untrue, such that they are made with knowledge of their falsity or with reckless disregard for their truth or falsity. Notwithstanding the foregoing, neither this covenant of non-disparagement nor any other provision of this Agreement should be construed so as to prohibit Plaintiff from providing truthful testimony in an administrative, legislative, or judicial proceeding when Plaintiff has been required or requested to attend the proceeding pursuant to a court order, subpoena, or written request from an administrative agency or the legislature, or from engaging in concerted or other activity protected by the National Labor Relations Act ("NLRA") or any other applicable federal, state or local law. Further, all provisions contained in this Agreement will not be enforced in a manner which interferes with Plaintiff's rights to engage in concerted or other activity protected under the NLRA or any other applicable federal, state or local law.

    6.  **Covenant of Non-Assistance and Non-Solicitation**: Plaintiff warrants and represents that he has never contacted, communicated with or solicited present or former employees or independent contractors of Defendants and/or any of the Released Parties for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Defendants and/or any of the Released Parties. Plaintiff further agrees, warrants and represents that he shall never contact, communicate with or solicit present or former employees or independent contractors of Defendants and/or any of the Released Parties for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Defendants and/or any of the Released Parties with any governmental agency or any court. Notwithstanding the foregoing, the Parties agree that it shall not be a violation of this provision for Plaintiff to provide testimony if compelled to do so by subpoena or court order.

    7.  **No Undisclosed Injuries**: Plaintiff represents and warrants that he has not suffered any on-the-job injury for which he has not already notified Smart Shade or Atlantic Awnings (as applicable) in writing and/or filed a claim as of the date of this Agreement.

    8.  **Additional Acknowledgements**: Plaintiff specifically acknowledges and agrees that (a) he has been paid and/or has received all compensation, wages (including minimum and overtime wages), bonuses, commissions, reimbursements, allowances, and/or benefits to which he may be entitled as of the execution of this Agreement and that no further compensation, wages (including minimum and overtime wages), bonuses, commissions, reimbursements, allowances, and/or benefits are or shall ever be due to him; (b) he has received all leave to which he may have been entitled and requested, and that he has not been discriminated or retaliated against in any way for requesting or taking such leave; and (c) he is unaware of a violation of a law, rule or regulation or any other wrongdoing committed by Defendants or any of the Released Parties.

    9.  **No Re-Employment**: Plaintiff agrees and recognizes that his prior, respective employment with Smart Shade and Atlantic Awnings was permanently and irrevocably terminated, and

he expressly waives any right or claim to re-employment with Smart Shade and/or Atlantic Awnings. Plaintiff further agrees that he will not hereafter apply for, or otherwise seek, employment or engagement with Smart Shade, Atlantic Awnings or any of the Released Parties.

10. **Neutral Reference**. Provided that such inquiries are directed to Suarez and Ibargollin in their respective capacities as owners of Smart Shade and Atlantic Awnings, Defendants agree that upon request for an employment reference by Plaintiff's prospective employers, Defendants shall provide a neutral employment reference and verify Plaintiff's dates of work and last position(s) held, but without reference to any demand letter, lawsuit, claim(s) asserted therein, or the resolution of such claims.

11. **Other Actions:** Plaintiff represents that other than the Complaint referenced above, he has not filed, joined in or been a beneficiary of any complaints, charges or proceedings against Defendants or any of the Released Parties, with any local, state or federal agency or court.

12. **Assignment:** Plaintiff represents and warrants that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against Defendants or any of the Released Parties. Plaintiff further represents and warrants that no other person or entity other than the Parties hereto, had or have any interest in the matters referred to in this Agreement. Plaintiff shall not assign any of his rights or duties under this Agreement without the express written consent of Defendants and the Released Parties.

13. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors and assigns.

14. **Entire Agreement:** This Agreement, together with the Mediator's Proposal referenced above, constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by the Parties. However, this Agreement shall in no way relieve or discharge Plaintiff from his post-employment obligations to Smart Shade and Atlantic Awnings including, without limitation, his obligations of confidentiality.

15. **Breach of Agreement/Defendant's Remedies:** Plaintiff recognizes that irreparable injury will result to Defendant, its business and property in the event of any breach of this Agreement. Accordingly, Plaintiff agrees that Defendant, in addition to any monetary damages or other remedies available, including reasonable attorneys' fees, shall be entitled to an injunction to restrain the violation or compel the performance of any or all of the terms of this Agreement by Plaintiff, his servants, agents, partners or employers, or any and all persons acting for or with Plaintiff.

16. **Prevailing Party:** In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing Party shall be entitled to costs and reasonable attorneys' fees as determined by a court of competent jurisdiction.

17. **Governing Law and Venue:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida. In the event any Party initiates an action to enforce the terms of this Agreement, such action shall be commenced in a court of competent jurisdiction in Miami-Dade County, Florida.

18.     **Sufficiency of Consideration and Severability**: Plaintiff agrees that the settlement payments provided for in this Agreement are made in exchange for, and constitute, good and valuable consideration for Plaintiff's execution of this Agreement.  In the event that any provision in this Agreement is determined to be legally invalid or unenforceable by any court of competent jurisdiction, Plaintiff agrees that the court of competent jurisdiction shall reform such provisions to the extent necessary to cause them to be enforceable to the maximum extent permitted by law. If the offending provisions cannot be modified to be enforceable, the affected provision shall, subject to the following sentence, be stricken from the Agreement and the remaining terms of the Agreement and its enforceability shall remain unaffected thereby. However, should a court of competent jurisdiction determine that the general release set forth in Section 2 above is invalid, void and/or unenforceable, Plaintiff agrees that Defendant's obligations under this Agreement are null and void and Plaintiff shall return to Defendants all settlement payments provided to Plaintiff under this Agreement.

19.     **Parties Represented by Counsel/Acknowledgment of Legal Competence**:  This Agreement is not to be construed against any Party.  All Parties were represented by counsel and participated in the drafting and negotiation of this Agreement. Plaintiff hereby attests that he is legally competent to enter into this Agreement and fully understands and appreciates the terms, obligations and ramifications of same.

20.     **Waiver of Jury Trial**. TO THE EXTENT PERMITTED BY APPLICABLE LAW, THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY JUDICIAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER IN TORT, CONTRACT OR OTHERWISE) ARISING OUT OF, RELATED TO OR CONNECTED WITH THIS AGREEMENT OR THE PARTIES' FORMER RELATIONSHIP.

21.     **Waiver of Class and Collective Actions**. TO THE EXTENT PERMITTED BY APPLICABLE LAW, PLAINTIFF WAIVES ANY RIGHT OR ABILITY TO BE A CLASS OR COLLECTIVE ACTION REPRESENTATIVE, OR TO OTHERWISE PARTICIPATE IN A PUTATIVE OR CERTIFIED CLASS, COLLECTIVE, REPRESENTATIVE OR MULTI-PARTY ACTION OR PROCEEDING IN ANY ARBITRATION, ACTION OR PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER IN TORT, CONTRACT OR OTHERWISE) ARISING OUT OF, RELATED TO OR CONNECTED WITH THIS AGREEMENT OR PLAINTIFF'S FORMER EMPLOYMENT.

22.     **Notices**.  All notices, demands, requests and replies required or permitted by this Agreement shall be in writing and shall be deemed given when (a) delivered in person or (b) sent via (i) e-mail, (ii) first-class mail, postage prepaid, or (iii) FedEx, UPS or other similar service, addressed as follows:

    if to the Defendants:   c/o: Peter R. Siegel, Esq.
                 Greenspoon Marder LLP
                  200 E. Broward Boulevard
                  Suite 1800
                  Ft. Lauderdale, FL 33301
                  Peter.Siegel@gmlaw.com

    if to the Plaintiff:    c/o: Toussaint Cummings, Esq.
                  Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm
                  135 San Lorenzo Avenue, Suite 770
                  Coral Gables, Florida 33146

toussaint@fairlawattorney.com

23. **Execution:** This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted electronically or by facsimile, shall be effective and binding as if it were the originally executed document.

SMART SHADE STRUCTURES CORP.

Printed Name: Jose A. Suarez

Signature: *Jose A. Suarez*

Title: President

Date: 5/8/2023

_____
**ANTHONY PEREZ**

_____
Date

ATLANTIC AWNINGS & METAL WORKS, INC.

Printed Name: _____

Signature: _____

Title: _____

Date: _____

_____
**JOEL IBARGOLLIN**

_____
Date

*[signature]*
JOSE SUAREZ
5/8/2023
Date

Page 10 of 10

toussaint@fairlawattorney.com

23. **Execution:** This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted electronically or by facsimile, shall be effective and binding as if it were the originally executed document.

| | |
|---|---|
| *Anthony Perez (May 12, 2023 00:31 EDT)* | **SMART SHADE STRUCTURES CORP.** |
| **ANTHONY PEREZ** | Printed Name: _____ |
| 05/12/2023 | Signature: _____ |
| Date | Title: _____ |
| | Date: _____ |

| | |
|---|---|
| *Joel Ibargollin* | **ATLANTIC AWNINGS & METAL WORKS, INC.** |
| **JOEL IBARGOLLIN** | Printed Name: Joel Ibargollin |
| 5/9/2023 | Signature: *Joel Ibargollin* |
| Date | Title: President |
| | Date: 5/9/2023 |

**JOSE SUAREZ**

_____
Date